James E. Magleby (7247)
  magleby@mcg.law
Jennifer Fraser Parrish (11207)
  parrish@mcg.law
MAGLEBY CATAXINOS & GREENWOOD, PC
141 West Pierpont Avenue
Salt Lake City, Utah 84101
Tel.: 801.359.9000
Fax: 801.359.9011

Timothy G. Blood*
  tblood@bholaw.com
Jennifer MacPherson**
  jmacpherson@bholaw.com
BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619-338-1100

*pro hac vice
**pro hac vice to be submitted

Attorneys for Plaintiffs Karen Purvis and
  Patricia A. Dean

Ben Barnow*
  b.barnow@barnowlaw.com
Anthony L. Parkhill*
  aparkhill@barnowlaw.com
Riley W. Prince*
  rprince@barnowlaw.com
BARNOW AND ASSOCIATES, P.C.
205 West Randolph Street, Ste. 1630
Chicago, IL 60606
Tel: 312-621-2000

Gary E. Mason**
  gmason@masaonllp.com
Danielle L. Perry**
  dperry@masonllp.com
Lisa A. White**
  lwhite@masonllp.com
MASON LLP
5101 Wisconsin Ave., NW, Ste. 305
Washington, DC 20016
Tel: 202-429-2290

## UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| SHANE WHITE, individually and on behalf of all others similarly situated,<br>        Plaintiff,<br><br>v.<br><br>MEDICAL REVIEW INSTITUTE OF AMERICA, LLC,<br>        Defendant. | **PLAINTIFFS KAREN PURVIS' AND PATRICIA A. DEAN'S MOTION TO CONSOLIDATE AND APPOINT INTERIM CO-LEAD COUNSEL**<br><br><br>Case No. 2:22-cv-00082-DBP<br>Magistrate Judge Dustin B. Pead |
| KAREN PURVIS, individually and on behalf of all others similarly situated,<br>        Plaintiff,<br><br>v.<br><br>MEDICAL REVIEW INSTITUTE OF AMERICA, LLC,<br>        Defendant. | Case No. 2:22-cv-00099-DAK-DBP<br>Judge Dale A. Kimball<br>Magistrate Judge Dustin B. Pead |

| | |
|---|---|
| AHMED AMER, individually and on behalf of all others similarly situated,<br>        Plaintiff,<br><br>v.<br><br>MEDICAL REVIEW INSTITUTE OF AMERICA, LLC,<br>        Defendant. | Case No. 2:22-cv-00132-DAK-DBP<br>Judge Dale A. Kimball<br>Magistrate Judge Dustin B. Pead |
| JOEL THORNTON, individually and on behalf of all others similarly situated,<br>        Plaintiff,<br><br>v.<br><br>MEDICAL REVIEW INSTITUTE OF AMERICA, LLC,<br>        Defendant. | Case No. 2:22-cv-00181-BSJ<br>Judge Bruce S. Jenkins |
| PATRICIA A. DEAN, individually and on behalf of all others similarly situated,<br>        Plaintiff,<br><br>v.<br><br>MEDICAL REVIEW INSTITUTE OF AMERICA, LLC,<br>        Defendant. | Case No. 2:22-cv-00226-TS<br>Judge Ted Stewart<br>Magistrate Judge Daphne A. Oberg |

Plaintiffs Karen Purvis and Patricia A. Dean, by and through their counsel of record, hereby submit the following Motion to Consolidate and Appoint Interim Co-Lead Counsel:

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure ("FRCP") 42(a) and District of Utah Civil Rule 42-1(a), Plaintiffs Karen Purvis and Patricia A. Dean seek an Order from this Court consolidating *White v. Medical Review Institute of America, LLC*, No. 2:22-cv-00082-DBP, *Purvis v. Medical Review Institute of America, LLC*, No. 2:22-cv-00099-DAK-DBP, *Amer v. Medical Review Institute of America, LLC*, No. 2:22-cv-00132-DAK-DBP, *Thornton v. Medical*

*Review Institute of America, LLC*, No. 2:22-cv-00181-BSJ, and *Dean v. Medical Review Institute of America, LLC*, 2:22-cv-00226-TS (collectively, the "Related Actions"). Plaintiffs Purvis and Dean also seek an Order pursuant to FRCP 23(g)(3) appointing Ben Barnow of Barnow and Associates, P.C., Timothy G. Blood of Blood Hurst & O'Reardon, LLP, and Gary E. Mason of Mason LLP (collectively, "Proposed Interim Co-Lead Counsel") as Interim Co-Lead Counsel to lead the consolidated litigation on behalf of Plaintiffs and the class and appointing Jennifer Fraser Parrish of Magleby Cataxinos & Greenwood, PC as Interim Liaison Counsel.

Consolidation of the Related Actions here is appropriate. Each Related Action pertains to a common data breach that impacted Defendant Medical Review Institute of America ("MRIoA"), Plaintiffs, and members of the putative class. These cases arise from the same nucleus of common facts and are brought against a common defendant—MRIoA. Consolidation will provide for complete resolution in one proceeding and avoid unnecessary duplication of work and the risk of inconsistent adjudications. Consolidating the Related Actions for all purposes will therefore provide all the benefits of consolidation and promote the interests of judicial economy and convenience with no prejudice to the parties and the putative class.

Ben Barnow, Timothy G. Blood, and Gary E. Mason are best qualified to lead the consolidated litigation on behalf of the class. Proposed Interim Co-Lead Counsel are three of the nation's leading class action and data breach practitioners. Proposed Interim Co-Lead Counsel should be appointed as Interim Co-Lead Counsel because they meet all of the factors defined in Federal Rule of Civil Procedure 23(g).

In addition, Jennifer Fraser Parrish is an exemplary choice to serve as Interim Liaison Counsel. Ms. Parrish's knowledge of Utah law and familiarity with this Court will ensure that the case is conducted to the highest standard of local practice and procedure.

For all of these reasons, and those that follow, the Related Actions should be consolidated, Ben Barnow, Timothy G. Blood, and Gary E. Mason should be appointed as Interim Co-Lead Counsel and Jennifer Fraser Parrish should be appointed as Interim Liaison Counsel.

## II.    BACKGROUND

There are five related actions pending against MRIoA in the District of Utah: *White v. Medical Review Institute of America, LLC*, No. 2:22-cv-00082-DBP, *Purvis v. Medical Review Institute of America, LLC*, No. 2:22-cv-00099-DAK-DBP, *Amer v. Medical Review Institute of America, LLC*, No. 2:22-cv-00132-DAK-DBP, *Thornton v. Medical Review Institute of America, LLC*, No. 2:22-cv-00181-BSJ, and *Dean v. Medical Review Institute of America, LLC*, 2:22-cv-00226-TS.[1] All of the Related Actions are proposed consumer class actions against MRIoA relating to a data breach that impacted MRIoA. On November 9, 2021, unauthorized individuals gained access to MRIoA's computer network and accessed and removed the sensitive information of Plaintiffs and class members from MRIoA's system. During the breach, approximately 171,083 individuals' personally identifying information ("PII") and personal health information ("PHI") was exposed, including: names, genders, home addresses, phone numbers, email addresses, dates of birth, Social Security numbers, medical information, and health insurance information.

On February 9, 2022, the *White* action was filed. *See White,* ECF No. 2. The *Purvis* action was filed second on February 16, 2022. *See Purvis*, ECF No. 2. The third-filed case, *Amer*, was filed on February 25, 2022. *See Amer*, ECF No. 2. The fourth-filed case was filed on March 18, 2022. *See Thornton*, ECF No. 2. *Dean* was originally filed in the Northern District of Illinois, but was voluntarily dismissed and filed in this Court on March 28, 2022. *See Dean*, ECF No. 2. All of

---

[1] There is one additional related lawsuit, *Patterson v. Medical Review Institute of America, LLC*, No. 3:22-cv-00413-SK (N.D. Cal.), filed in the Northern District of California.

the Related Actions name MRIoA and include overlapping claims. Each action is in its infancy,

and a responsive pleading or response otherwise has been filed in none of the Related Actions.

### III.    ARGUMENT

####    A.      Consolidation is Appropriate

FRCP 42(a) states, "If actions before the court involve a common question of law or fact,

the court may: . . . consolidate the actions. . . ." Additionally, DUCivR 42-1 allows for the filing

of a motion for consolidation when the cases:

> "(1) arise from substantially the same transaction or event; (2) involve substantially
> the same parties or property; (3) involve the same patent, trademark, or copyright;
> (4) call for determination of substantially the same questions of law; or (5) for any
> other reason would entail substantial duplication of labor or unnecessary court costs
> or delay if heard by different judges."

In considering consolidation, courts weigh "the saving of time and effort that consolidation under

Rule 42(a) would produce against any inconvenience, delay, or expense that it would cause for the

litigants and the trial judge." 9A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE &

PROCEDURE: CIVIL § 2383 (3d ed. 2008).

Here, the Related Actions arise from the same transaction or event, involve the same

defendant, and raise many of the same questions of law. The Related Actions all center around the

data breach that exposed the PII/PHI of MRIoA's patients and seek to represent a nationwide class

of those affected by the breach. Additionally, common theories of recovery are raised in the

Related Actions, as the five complaints all bring claims for negligence against MRIoA, arguing

that MRIoA violated its duty to protect its patients' PII/PHI and all allege that MRIoA owes

damages to those affected by the data breach. Questions of law regarding these claims will be

substantially similar because all of the Related Actions arise out of the same core nucleus of facts.

Any individual questions affecting the Plaintiffs will surely be minor compared to the common questions they share.

Consolidation will serve the interests of judicial economy by eliminating duplicative and overlapping litigation. Consolidation will clarify, in one proceeding, the individual actions by providing a more comprehensive context for the parties' claims. Upon consolidation, the Court will be able to address the factual and legal issues in the five cases in a more streamlined fashion. In addition, THE MANUAL FOR COMPLEX LITIGATION, FOURTH § 22.62 (2004) ("MCL"), also counsels that instituting organizational structures or procedures for coordination of counsel early in the litigation will help to avoid common problems that would otherwise unnecessarily burden courts in complex litigation. Because no Related Action has proceeded beyond any other, and all are still in their infancy, it is an appropriate and convenient time to consolidate the Related Actions. Doing so will conserve judicial resources and ensure that there are no inconsistent results between the cases.

Courts consistently find that overlapping data breach class actions are particularly appropriate for consolidation. *See, e.g.*, *Rubenstein v. Scripps Health*, No. 21cv1135-GPC(MSB), 2021 U.S. Dist. LEXIS 192182, at *4 (S.D. Cal. Oct. 5, 2021) (granting motion to consolidate data breach cases that "involve the same underlying facts and substantially similar questions of law"); *Kaplan v. 21st Century Oncology Holdings*, No. 2:16-cv-210-FtM-99MRM, 2016 U.S. Dist. LEXIS 105791, at *13 (M.D. Fla. July 21, 2016) ("[I]t is clear that common questions of law and fact permeate these cases [because] . . . all of the cases appear to arise from the same alleged data breach."). There is no reason to reach a different decision here, and for all of the foregoing reasons, consolidation of all of the Related Actions pursuant to FRCP 42(a) is warranted.

### B.    Appointment of Proposed Interim Co-Lead Counsel is Warranted

Appointing class counsel now is crucial in keeping the litigation well-organized and efficient. As the Manual for Complex Litigation states, "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MCL § 21.11. FRCP 23(g) states four factors courts should look to in selecting class counsel: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the class action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Analysis of these factors demonstrates that Proposed Interim Co-Lead Counsel are the best choice for the position due to their extensive experience in this area of law and their dedication to their work.

### 1.    Proposed Interim Co-Lead Counsel Performed Substantial Work in Investigating This Action

Proposed Interim Co-Lead Counsel have committed substantial time and resources to organizing and working together toward the advancement of the litigation, investigating and researching the potential legal theories and claims at issue, and researching and reviewing information relating to the factual underpinnings of this litigation. Barnow Declaration, ¶ 13; Blood Declaration, ¶¶ 16–22; Mason Declaration, ¶ 7. These actions demonstrate their willingness and ability to prosecute this action on behalf of the putative class to the fullest extent possible. They are familiar with the facts and legal issues in this matter and intend to continue their efficient

pursuit of the claims. And they have each applied their experience in data breach litigation and class litigation to the advancement and development of Plaintiffs' and the putative class' rights.

Prior to filing their complaint, Proposed Interim Co-Lead Counsel and their firms independently investigated the facts and circumstances surrounding the data breach, including, *inter alia*: the cause of the data breach, MRIoA's public statements regarding the events surrounding the data breach, other media commentary, and consumer experiences concerning information compromised in the breach. Barnow Decl., ¶ 13; Blood Decl., ¶¶ 16–22; Mason Decl., ¶ 7. Proposed Interim Co-Lead Counsel will continue to expend all the time and resources necessary to advocate for Plaintiffs and the Class. Barnow Decl., ¶ 13; Blood Decl., ¶ 23; Mason Decl., ¶ 7.

### 2. Proposed Interim Co-Lead Counsel's Class Action Experience Is Unsurpassed

Proposed Interim Co-Lead Counsel have extensive experience litigating class actions involving large data breaches, and through this experience have gained great knowledge of the law in this area. *See* Barnow Decl., ¶¶ 3–12 & Exhibit A; Blood Decl., ¶¶ 3–7 & Exhibit A; Mason Decl., ¶¶ 1–5 & Exhibit A. Mr. Blood has also drafted the private right of action sections of the nation's leading data breach laws, the California Consumer Privacy Act of 2018 ("CCPA") and the California Privacy Rights Act of 2020 ("CPRA"). Blood Decl., ¶ 8. All three of Proposed Interim Co-Lead Counsel have led numerous high-profile privacy cases affecting millions of consumers. This experience includes leading litigation in highly-publicized and historic data privacy matters in which courts have recognized their exceptional work. *See In Re TJX Companies Retail Security Breach Litig.*, No. 07-10162 (D. Mass) (Ben Barnow served as co-lead counsel in one of the first data breach class action lawsuits; the Honorable Judge Young described the settlement as "excellent," and as containing "innovative" and "groundbreaking" elements); *In re:*

*Sony Gaming Networks and Customer Data Security Breach Litig.*, No. 11-md-2258 (S.D. Cal.)

(serving on the PSC in this MDL involving over 60 cases and approximately 50 million consumers,

Mr. Barnow, working with Mr. Blood, negotiated a settlement and at the final fairness hearing the

Honorable Judge Anthony J. Battaglia remarked, "Just in the final analysis, the order, much like

all the work by both sides throughout the case, has been impeccable, highly professional, and

skilled"); *In Re: Countrywide Fin. Corp. Customer Data Security Breach Litig.*, No. 08-md-01998

(W.D. Ky.). (Mr. Barnow served as one of Co-Lead Settlement Class Counsel and negotiated a

settlement that was granted final approval, making benefits available to approximately 17 million

Settlement Class Members); *In re Sony Gaming Networks and Customer Data Security Breach*

*Litigation*, No. 11-md-2258 (S.D. Cal.) (Mr. Blood appointed to lead the Plaintiff's Steering

Committee in one of largest data breach cases at the time); *Snyder v. the Regents of the University*

*of California*, JCCP No. 589243 (Cal. Super. Ct., Los Angeles Cnty) (Mr. Blood appointed to

Plaintiff's Executive Committee); *In re Google Buzz Priv. Litig.*, No. 5:10-cv-00672-JW (N.D.

Cal.) (Mr. Mason served as Lead Counsel and obtained a $10 million settlement fund for the class);

*In re Dep't of Veterans Affs. (VA) Data Theft Litig.*, No. 1:06-mc-00506-JR, MDL No. 1796

(D.D.C.) (Mr. Mason was appointed as Co-Lead Counsel and helped secure a $20 million

settlement fund); *U.S. Off. Of Pers. Mgmt. Data Sec. Breach Litig.*, No. 1:15-cv-01394-ABJ, MDL

No. 2664 (D.D.C.) (Mr. Mason serves as Liaison Counsel in this pending data breach class action).

Proposed Interim Co-Lead Counsel's experience will allow them to skillfully lead this case

in the best interests of Plaintiffs and the putative class. The qualifications and experience of

Proposed Interim Co-Lead Counsel, and their firms, are set forth in the concurrently filed

Declarations of Mr. Barnow, Mr. Blood, and Mr. Mason.

### 3. Proposed Interim Co-Lead Counsel's Knowledge of the Applicable Law Is Extensive

Proposed Interim Co-Lead Counsel have a wealth of knowledge regarding the applicable law in this case. They have heavily litigated, conducted significant discovery, and briefed essentially every aspect of privacy class cases. They have extensively litigated and overcome issues of standing, statutory claims, class certification, and damage models, devised injunctive relief programs in numerous data breach, data disclosure, and privacy cases, and established groundbreaking precedent. For example, Mr. Barnow successfully appealed a dismissal of a data breach lawsuit against Zappos on standing grounds before the Ninth Circuit and successfully defended against Zappos' writ of certiorari to the Supreme Court. *In re: Zappos.com Inc. Customer Data Security Breach Litig.*, No. 12-cv-00325 (D. Nev.) (establishing Article III standing in the Ninth Circuit for consumers whose information is disclosed in a data breach). In addition, in *Deluna v. Tandem Diabetes Care, Inc*., No. CIVDS 2010795 (Cal. Super. Ct., San Bernardino Cnty), Mr. Blood and Mr. Barnow defeated the defendant's attempt to apply heightened standard of pleading for a claim under the CMIA. Mr. Mason was the first attorney in legal history to successfully settle a privacy case on a class-wide basis against Google. I*n re Google Buzz Priv. Litig.*, No. 5:10-cv-00672-JW (N.D. Cal.). Proposed Interim Co-Lead Counsel's deep, particularized experience will allow them to manage issues that are pivotal to the success of this case with great efficiency.

Data breach cases bring their own set of challenges, and litigating them often entails extensive factual discovery, retention of multiple experts, and a background knowledge in the technology of cybersecurity. Recurring issues of class certification, damages, and injunctive relief require counsel that is well-versed in this practice area and has achieved legal rulings that facilitate prosecution. Proposed Interim Co-Lead Counsel have honed their knowledge of this area and these

9

topics through years of experience. *See* Barnow Decl., ¶¶ 3–12 & Exhibit A; Blood Decl., ¶¶ 2–15 & Exhibit A; Mason Decl., ¶¶ 1–5 & Exhibit A. The California state legislature and the sponsor of two voter ballot initiatives has drawn on Mr. Blood's experience to draft and assist in the passage of the CCPA and the CPRA. Mr. Blood drafted the private right of action portions of both laws, testified as a subject matter expert before the California Assembly and Senate, and been an invited speaker to educate lawmakers and their staff about data privacy. *See* Blood Decl. ¶¶ 8–10. Accordingly, the appointment of Messrs. Barnow, Blood, and Mason as Interim Co-Lead Counsel will facilitate efficiency and judicial economy.

**4.      Proposed Interim Co-Lead Counsel Are Committed to Expending the Necessary Resources to Protect the Putative Class's Interests**

Proposed Interim Co-Lead Counsel, and their respective firms, have diligently investigated this case and will diligently prosecute it. They and their firms have devoted substantial time to investigating the background facts and drafting a detailed complaint.

Proposed Interim Co-Lead Counsel and their colleagues are hard-working, organized, and effective. Proposed Interim Co-Lead Counsel have taken many cases from inception to conclusion and they will do so here. Their firms possess the resources and manpower required to vigorously prosecute this litigation. They are committed to pursuing the best interests of Plaintiffs and the putative class in an efficient manner. Proposed Interim Co-Lead Counsel will work hard to ensure that the Class is represented in the best manner possible. They will continue to prosecute this litigation with the same diligence that they put into every lawsuit.

**C.      Appointment of Jennifer Fraser Parrish as Interim Liaison Counsel Would Further Ensure Efficiency and Compliance with Local Practice**

Appointing Jennifer Fraser Parrish as Interim Liaison Counsel would provide further benefits to the Court, Plaintiffs, and the Putative Class. The role of liaison counsel primarily

10

consists of tasks such as "communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities." MCL § 21.11. Liaison counsel is typically local to the district that the court is in. *See Id*; *In re Frontier Airlines Litig.*, Civil Action No. 20-cv-01153-PAB-KLM, 2020 U.S. Dist. LEXIS 253280, at *10–11 (D. Colo. Dec. 16, 2020) (appointing liaison counsel "whose office is located near the court and who are familiar with the local bench and bar"). Ms. Parrish fits the criteria needed to be Interim Liaison Counsel. Ms. Parrish is a highly skilled attorney with over 15 years of experience practicing law in Utah. In addition, Ms. Parrish's office is located in Salt Lake City. Plaintiffs believe that appointing Jennifer Fraser Parrish as Liaison Counsel will benefit the Court, Plaintiffs, the putative class, and, indeed, all of the parties.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs Purvis and Dean respectfully ask the Court to grant their motion; consolidate the Related Actions; appoint Ben Barnow of Barnow and Associates, P.C., Timothy G. Blood of Blood Hurst & O'Reardon, LLP, and Gary E. Mason of Mason LLP as Interim Co-Lead Counsel; appoint Jennifer Fraser Parrish of Magleby Cataxinos & Greenwood, PC as Interim Liaison Counsel, and enter the Order submitted herewith.

Dated: March 30, 2022

Respectfully submitted,
**MAGLEBY CATAXINOS & GREENWOOD, PC**

/s/_Jennifer Fraser Parrish_____
James E. Magleby (7247)
Jennifer Fraser Parrish (11207)

*Counsel for Plaintiffs Karen Purvis and Patricia A. Dean*

11

**BARNOW AND ASSOCIATES, P.C.**
Ben Barnow*
Anthony L. Parkhill*
Riley W. Prince*

**BLOOD HURST & O'REARDON, LLP**
Timothy G. Blood*
Jennifer MacPherson**

*Counsel for Plaintiff Karen Purvis*

**MASON LLP**
Gary E. Mason**
Danielle L. Perry**
Lisa A. White**

*Counsel for Plaintiff Patricia A. Dean*

*pro hac vice*
**pro hac vice* to be submitted

## CERTIFICATE OF SERVICE

I hereby certify that I am employed by the law firm of Magleby Cataxinos & Greenwood,

P.C., 141 W. Pierpont Avenue, Salt Lake City, Utah 84101, and that pursuant to Rule 5(b),

Federal Rules of Civil Procedure, a true and correct copy of the foregoing **PLAINTIFFS**

**KAREN PURVIS' AND PATRICIA A. DEAN'S MOTION TO CONSOLIDATE AND**

**APPOINT INTERIM CO-LEAD COUNSEL** was submitted to the Court this 30th day of

March, 2022, by emailing the Chambers of Magistrate Dustin B. Pead at

utdecf_pead@utd.uscourts.gov; and was provided to the following counsel of record by

electronic mail this 30th day of March, 2022:  Charles H. Thronson (ecf@parsonsbehle.com) and

William B. Federman (wbf@federmanlaw.com).


                                    /s/ Jennifer Fraser Parrish