THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SHANE WHITE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL REVIEW INSTITUTE OF AMERICA, LLC,<br><br>Defendant. | **ORDER REGARDING MOTION TO CONSOLIDATE AND COMPETING MOTIONS TO APPOINT INTERIM CO-LEAD CLASS COUNSEL AND INTERIM LIAISON COUNSEL**<br><br>Consolidated Case No. 2:22cv00082-DAK-DAO<br>Judge Dale A. Kimball<br>Magistrate Judge Daphne A. Oberg |
| KAREN PURVIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL REVIEW INSTITUTE OF AMERICA, LLC,<br><br>Defendant. | Case No. 2:22cv0099 |
| AHMED AMER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL REVIEW INSTITUTE OF AMERICA, LLC,<br><br>Defendant. | Case No. 2:22cv0132 |

| | |
|---|---|
| JOEL THORNTON, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MEDICAL REVIEW INSTITUTE OF AMERICA, LLC,<br><br>    Defendant. | Case No. 2:22cv0181 |
| PATRICIA A. DEAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>MEDICAL REVIEW INSTITUTE OF AMERICA, LLC,<br><br>    Defendant. | Case No. 2:22cv0226 |

This matter is before the court on (1) a Motion to Consolidate Cases and Motion to Appoint Interim Co-Lead Counsel filed by Plaintiffs Karen Purvis and Patricia A. Dean (the "Purvis Plaintiffs") (ECF No. 10), and (2) Motion to Appoint Interim Co-Lead Class Counsel and Liaison Counsel Under Fed. R. Civ. P. 23(g)(3) filed by Plaintiffs Shane White, Ahmed Amer, and Joel Thornton (the "White Plaintiffs") (ECF No. 20).

The court has carefully reviewed the written memoranda submitted by the parties, and pursuant to local rule 7-1(g), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(g).

## I. MOTION TO CONSOLIDATE CASES

The Purvis Plaintiffs and White Plaintiffs agree that the five related actions identified in the caption above ("Related Actions") should be consolidated into the first-filed action, *White v. Medical Review Institute of America, LLC*, 2:22cv00082 DAK-DAO. The court finds that the parties have established good cause for the consolidation of the related cases pending in this district. These cases arise from the same nucleus of common facts, are brought against a common defendant—Medical Review Institute of America (MRIOA)—and raise many of the same questions of law. Consolidation will provide for complete resolution in one proceeding and avoid unnecessary duplication of work and the risk of inconsistent adjudications, thereby promoting the interests of judicial economy and convenience with no prejudice to the parties and the putative class. Accordingly, pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule DUCivR 42-1(a), the Motion to Consolidate is granted, and the following cases are hereby consolidated into the

instant case:

> *Karen Purvis v. Medical Review Institute of America, LLC*, 2:22cv00009
>
> *Ahmed Amer v. v. Medical Review Institute of America, LLC*, 2:22cv00132
>
> *Joel Thornton v. Medical Review Institute of America, LLC*, 2:22cv00181
>
> *Patricia A. Dean v. Medical Review Institute of America, LLC*, 2:22cv00226

All filings made in the Related Action are deemed to have been made in this case without needing to refile the documents. All future papers filed in the Consolidated Action shall be filed under Case No. 2:22cv00082 DAK-DAO and shall bear the following caption:

## THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| IN RE MEDICAL REVIEW INSTITUTE OF AMERICA, LLC, DATA BREACH LITIGATION<br><br>This Document Relates to: _____ | Lead Case No. 2:22cv0082-DAK-DAO<br>Judge Dale A. Kimball<br>Magistrate Judge Daphne A. Oberg |

## II. COMPETING MOTIONS TO APPOINT INTERIM CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL

The White Plaintiffs request that this court appoint (i) Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; and (ii) William B. Federman of Federman & Sherwood as Interim Co-Lead Counsel; along with (iii) Charles H. Thronson of Parsons Behle & Latimer as Interim Liaison Counsel (collectively, the "White Attorneys").

On the other hand, the Purvis Plaintiffs seek appointment of (i) Ben Barnow of Barnow and Associates, P.C.; (ii) Timothy G. Blood of Blood Hurst & O'Reardon, LLP; and (iii) Gary E. Mason of Mason LLP as Interim Co-Lead Counsel; along with (iv) Jennifer Fraser Parrish of Magleby Cataxinos & Greenwood, PC as Interim Liaison Counsel (collectively, the "Purvis Attorneys").

Federal Rule of Civil Procedure 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Manual for Complex Litigation* (4th) § 21.11 (2004).

Interim lead class counsel must represent the interests of the class. Fed. R. Civ. P. 23(g)(2). In selecting interim lead class counsel, this court must consider: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources

5

counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A); *see also Adedipe v. U.S. Bank, Nat'l Ass'n*, 2014 WL 835174, at *3 (D. Minn. Mar. 4, 2014). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). The purpose of this court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." *Manual for Complex Litig*. § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright et al., *Fed. Prac. & Proc.* § 1802.3 (3d ed. 2005).

Based on the briefing of these motions, along with the attached exhibits, it appears that both sets of proposed interim co-lead counsel and liaison counsel satisfy the four factors that the court must consider. "Where consideration of other relevant factors does not tilt heavily in either direction, and there is a need for an objective tie-breaker, courts may also consider which party was first to file a complaint." *In re Frontier Airlines Litig.,* 2020 U.S. Dist. LEXIS 253280, at *6-7 (internal quotation and citation omitted); *see also In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (appointing as interim lead counsel the firms that filed the first complaints); *Steele v. United States*, 2015 WL 4121607, at *4 (D.D.C. June 30, 2015) ("[S]ince both groups are more than qualified to handle this action, it would be imminently reasonable to select the Motley Rice Group on the basis that their complaint was filed first."); *Michelle v. Arctic Zero, Inc.*,

2013 WL 791145, at *2 n.3 (S.D. Cal. Mar. 1, 2013) ("[F]irst-to file can be a relevant factor when the factors for class counsel do not tilt heavily in either direction and there is a need for an objective tie-breaker."); *Richey v. Ells*, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) ("Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action.").

Here, the White Attorneys were the first to file in this District.[1] Additionally, another factor weighing in favor of appointing the White Attorneys is that they have filed the majority of the pending Related Cases. Accordingly, having considered the relevant factors, the court finds that appointing the White Attorneys to manage this litigation would best serve the interests of the proposed class. Accordingly, the court orders as follows:

A.    **Appointments to Interim Counsel Leadership Structure.**

    1.    **Plaintiffs' Interim Co-Lead Counsel**

The court appoints Gary Klinger (Milberg Coleman Bryson Phillips Grossman, PLLC) and William B. Federman (Federman & Sherwood), as Interim Co-Lead Counsel, and Charles H. Thronson (Parsons Behle & Latimer) as Liaison Counsel for all Plaintiffs.

Interim Co-Lead Counsel must assume responsibility for the following duties during all phases of this litigation:

    a)    Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including

---

[1] The court recognizes that there was another case filed prior to the instant case, *Patterson v. Medical Review Institute of America* (N.D. Cal. Case No. 3:22cv413-SK), but that case is not pending in this District. Also, the Barnow Attorneys argue that the Dean case, one of the Related Cases, 2:22cv00226), was filed first, although it was filed in the Northern District of Illinois. Because that case was voluntarily dismissed and then refiled in this District *after* the White case, the court credits the White Attorneys for filing the first case.

|   |   |
|---|---|
|   | organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' pretrial preparation is conducted effectively, efficiently, expeditiously, and economically; |
| b) | Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense; |
| c) | Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the court, and initiating proposals, suggestions, schedules, and any other appropriate matters; |
| d) | Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as he or his designee may deem appropriate) to the court and opposing parties the position of the Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings; |
| e) | Serving as the primary contact for all communications between Plaintiffs and Defendant, and acting as spokespersons for all Plaintiffs vis-à-vis Defendant and the court; |
| f) | Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the court; |
| g) | Appearing at all court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences; |
| h) | Receiving and initiating communication with the court and the clerk of the court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel; |
| i) | Initiating and conducting discussions and negotiations with counsel for Defendant on all matters, including settlement; |
| j) | Negotiating and entering into stipulations with opposing counsel as necessary for the conduct of the litigation; |
| k) | Initiating, coordinating, and conducting all discovery on Plaintiffs' |

behalf and ensuring its efficiency;

l)    Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

m)    Encouraging and enforcing efficiency among all Plaintiffs' counsel;

n)    Assessing Plaintiffs' counsel for the costs of the litigation;

o)    Preparing and distributing periodic status reports to the court and to the parties as ordered;

p)    Developing and recommending for court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitoring and administering such procedures. At such time as may be appropriate, Co-Lead Counsel also will recommend apportionment and allocation of fees and expenses subject to court approval; and,

q)    Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the court.

**2. Interim Liaison Counsel**

The court appoints Charles H. Thronson (Parsons Behle & Latimer) as Interim Liaison Counsel for all Plaintiffs. Interim Liaison Counsel is responsible for performing the duties and responsibilities described in the *Manual for Complex Litigation* (4th) § 21.221 (2004), including facilitating and expediting communications with and among Plaintiffs' counsel and fulfilling such other duties as requested by the court or Interim Lead Counsel.

The court also orders the following:

a)    Interim Liaison Counsel is designated as the counsel for all Plaintiffs in all cases upon whom others must serve all notices, orders, pleadings, motions, discovery, and memoranda.

b)    Interim Liaison Counsel is authorized to: (a) receive orders, notices, correspondence, and telephone calls from the court and the clerk of the court on Plaintiffs' behalf; (b) prepare and transmit copies of such

      orders and notices on Plaintiffs' behalf; and (c) receive orders and notices from the Judicial Panel on Multidistrict Litigation, if any.

    c)     Interim Liaison Counsel shall maintain complete files with copies of all documents served and make such files available to all Plaintiffs' counsel on request.

    d)     Interim Liaison Counsel must maintain and make available to all counsel and the court an up-to-date service list.

    e)     Interim Liaison Counsel shall assume other responsibilities as may be deemed appropriate by Interim Lead Counsel or as ordered by the court.

**B.**     **Additional Matters**

    **1.**     **Settlement Discussions**

Any discussions of a settlement of this litigation shall be conducted by Interim Co-Lead Counsel and any counsel designated by Interim Co-Lead Counsel.

    **2.**     **Proposed Agendas**

In advance of each status conference, Interim Co-Lead Counsel and Defendant's counsel will meet and confer regarding the agenda for the conference. Unless otherwise ordered, Interim Co-Lead Counsel and Defendant's counsel will file a joint notice setting out the proposed agenda and the parties' joint and/or respective positions no later than five calendar days prior to each status conference.

    **3.**     **Application of This Order**

This Order applies to all actions included in the above-captioned consolidated matters and all subsequently consolidated actions.

Interim Co-Lead Counsel must serve a copy of this Order and all future orders promptly

by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in each related action not yet consolidated in this proceeding to the extent that Interim Co-Lead Counsel is aware of any such action(s) and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for ECF.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that the Motion to Consolidate and Appoint Interim Co-Lead Counsel filed by Purvis and Dean [ECF No. 10] is GRANTED IN PART AND DENIED IN PART. Specifically, the Motion to Consolidate is GRANTED, and the Motion to Appoint Interim Co-Lead Counsel is DENIED. The following cases are hereby consolidated into the instant case, *White v. Medical Review Institute of America, LLC,* 2:22cv0082 DAK-DAO:

*Karen Purvis v. Medical Review Institute of America, LLC*, 2:22-cv-00099

*Ahmed Amer v. v. Medical Review Institute of America, LLC*, 2:22-cv-00132

*Joel Thornton v. Medical Review Institute of America, LLC*, 2:22-cv-00181

*Patricia A. Dean v. Medical Review Institute of America, LLC*, 2:22-cv-00226

Additionally, the White Plaintiffs' Motion to Appoint Interim Co-Lead Class Counsel and Liaison Counsel under Fed. R. Civ. Po. 23(g)(3) [ECF No. 20] is GRANTED.  The court appoints Gary Klinger (Milberg Coleman Bryson Phillips Grossman, PLLC), William B. Federman (Federman & Sherwood), as Interim Co-Lead Counsel, and Charles H. Thronson as Liaison Counsel, for all Plaintiffs, with the specific duties and instructions outlined above.

The initial deadlines for the Consolidated Action are as follows:

- Plaintiffs shall file a Consolidated Complaint no later than 30 days following entry of this

Order;

- Defendant shall file an answer or otherwise respond to the Consolidated Complaint within 30 days of the filing of the Consolidated Complaint;

- Plaintiffs shall file an opposition memorandum to any motion to dismiss or similar motion filed in response to the Consolidated Complaint within 30 days of any such motion;

- Defendant shall file a reply in support of any motion to dismiss or similar motion within 14 days of Plaintiffs' opposition memorandum; and

- Defendant need not file a response to the Complaints in *Purvis*, *Amer*, *Thornton*, or *Dean*, and any orders related to scheduling previously entered in *White*, *Purvis*, *Amer*, *Thornton*, or *Dean* are hereby vacated.

DATED:   July 22, 2022

                                                   _____
                                                   HONORABLE DALE A. KIMBALL
                                                   UNITED STATES DISTRICT JUDGE