IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE MEDICAL REVIEW INSTITUTE OF AMERICA, LLC, DATA BREACH LITIGATION | CIVIL NO. 2:22cv0082-DAK-DAO<br><br>Judge Dale A. Kimball<br>Magistrate Judge Daphne A. Oberg |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement Agreement (the "Motion"). Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendant Medical Review Institute of America, LLC ("Defendant" or "MRIA") have entered into a Settlement Agreement and Release (the "Settlement Agreement") that settles the above-captioned litigation.

On February 9, 2022, Plaintiff Shane White filed a Class Action Complaint in the United States District Court for the District of Utah against MRIA. Plaintiffs Karen Purvis, Ahmed Amer, Joel Thornton, and Patricia Dean also filed Complaints in this matter (*Karen Purvis v. Medical Review Institute of America, LLC*, Case No. 2:22-cv-00099, *Ahmed Amer v. Medical Review Institute of America, LLC,* Case No. 2:22-cv-00132, *Joel Thornton v. Medical Review Institute of America, LLC,* 2:22-cv-00181, and *Patricia A. Dean v. Medical Review Institute of America, LLC,* Case No. 2:22-cv-00226). On July 22, 2022 this Court issued its order consolidating these matters and on October 3, 2022, Plaintiffs filed their Consolidated Class Action Complaint. ECF 29, 34. The Consolidated Complaint alleges that MRIA was the target of a cyberattack and data breach perpetrated by an unauthorized third-party threat actor who gained access to MRIA's computer

network on or about November 2, 2021. The Consolidated Complaint alleges this cyberattack resulted in the exposure of Plaintiffs' and Class members' personally identifiable information ("PII") and protected health information ("PHI"), which MRIA discovered on November 9, 2021 (the "Data Incident"). *See Consolidated Class Action Complaint* ("*Comp.*" or "Amended Complaint"), ¶ 1. The PII and PHI allegedly compromised in the Data Incident included Plaintiffs' and Class members' demographic information, Social Security numbers, clinical information, and financial information. *See id.* ¶ 27.

In the Consolidated Complaint, Plaintiffs allege seven causes of action: (1) negligence; (2) invasion of privacy; (3) unjust Enrichment; (4) breach of fiduciary duty; (5) violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. Sec. 501.201, *et seq.*; (6) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA"), 815 Ill. Comp. Stat. Sec. 505/1, *et seq.* and; (7) violation of the New Jersey Consumer Fraud Act, N.J.S.A. Sec. 56:8-1, *et seq.*. *See Comp.* ¶¶179-279. Plaintiffs allege that MRIA failed to safeguard Plaintiffs' and Class Members' PII and PHI. *See id.* ¶¶ 91-93. Plaintiffs also allege that, as a result of the Data Incident, Plaintiffs and Settlement Class Members suffered ascertainable losses, including (without limitation) out-of-pocket expenses, the value of their time reasonably incurred to remedy or mitigate the effects of the unauthorized access and exfiltration of their sensitive and highly personal information, and diminished value of their PII. *See id.* ¶¶ 94-165. Plaintiffs and the putative class seek monetary and equitable relief. Defendant denies the allegations in the Lawsuit.

After prolonged and serious arm's-length settlement negotiations, the Parties reached a Settlement Agreement and Release (the "Settlement Agreement") that they consider fair, reasonable, and adequate, and in the best interests of all the Settlement Class Members.

2

WHEREAS, Plaintiffs, on behalf of the proposed Settlement Class Members, having made a motion for an order preliminarily approving a settlement in accordance with the Settlement Agreement filed on March 16, 2023, and attached as **Exhibit 1** to the Motion, which, together with the Exhibits attached thereto, set forth the terms and conditions for a proposed settlement; and the Court having read and considered the Settlement Agreement and the exhibits attached thereto; and

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Settlement Agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has reviewed the Settlement Agreement and does hereby preliminarily approve the settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Final Approval Hearing described below.

2. Pursuant to Federal Rule of Civil Procedure 23 (b)(3) and (e) and for purposes of this Settlement only, the Court grants provisional certification to the following Settlement Class:

> **The Settlement Class:** All persons residing in the United States to whom MRIA sent its notice of the Data Incident that MRIA discovered on or about November 9, 2021.

Excluded from the Settlement Class are: (a) Defendant's officers and directors; (b) any entity in which Defendant has a controlling interest; and (c) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of Defendant. Also excluded from the Settlement Classes are members of the judiciary to whom this case is assigned, their families and members of their staff. The Settlement Class may include as many as 154,935 individuals—each, a "Settlement Class Member."

3. The Court provisionally finds, for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b)

3

there are issues of law and fact common to the Settlement Class; (c) the claims of the Settlement Class Representative are typical of and arise from the same operative facts and seek similar relief as the claims of the Settlement Class Members; (d) the Settlement Class Representative and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representative has no interest antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

4. For the purposes of the settlement only, Plaintiffs Shane White, Ahmed Amer, Joel Thornton, Patricia A. Dean, and James Bruno are preliminarily certified as the Class Representatives.

5. The Court finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel under Federal Rule of Civil Procedure 23(a)(4): Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC and William B. Federman of Federman & Sherwood.

6. The Court preliminarily finds that the proposed settlement should be approved as: (a) the result of serious and extensive arm's-length and non-collusive negotiations; (b) falling within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; and (d) warranting notice of the proposed settlement to Settlement Class Members and further consideration of the settlement at the Final Approval Hearing described below.

7. The Final Approval Hearing shall be held before this Court on Thursday, August 24, 2023, at 2:00 p.m. (MDT) at the Orrin G. Hatch United States District Courthouse, District of Utah, Courtroom #3.400, 351 South West Temple, Salt Lake City, Utah 84101. At this hearing, the Court will determine: (a) whether the proposed settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (b) whether the [Proposed] Final Judgment and Order as provided under the Settlement Agreement should be entered; (c) whether the Settlement Class should be finally certified for purposes of the settlement; (d) whether Plaintiffs and Class Counsel should be finally appointed as Class Representatives and Class Counsel; (e) the amount of attorneys' fees, costs, and expenses that should be awarded to Class Counsel; and (f) any Service Awards to the Class Representatives. The Court will also hear any objections by Settlement Class Members to: (a) the settlement; (b) the award of attorneys' fees and costs to Class Counsel; (c) service awards to the Class Representatives; and the Court will consider such other matters the Court deems appropriate.

8. The Court approves, as to form and content, the use of the Class Claim Form in a form substantially similar to those attached as Exhibit A to the Settlement Agreement;

9. The Court approves as to form and content, the Short Form Notice (Postcard Notice) to be mailed and/or emailed to Settlement Class Members in a form substantially similar to the one attached as Exhibit B to the Settlement Agreement.

10. The Court approves as to form and content the Long Form Notice to be posted on the Settlement Website, in a form substantially similar to the one attached as Exhibit C to the Settlement Agreement.

11.     The Court finds that the mailing and distribution of the Class Notice substantially in the manner and form set forth in the Settlement Agreement, attached as Exhibit 1 to the Motion: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the settlement and to apprise Settlement Class Members of their right to object to the proposed settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfies all applicable requirements of Federal Rule of Civil Procedure 23(c)(2) and (e), the Due Process Clauses under the United States Constitution, the Rules of this Court, and other applicable laws.

12.     The firm _____ ("Claims Administrator") is hereby appointed as Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below.

13.     No later than 30 days after entry of the Preliminary Approval Order (the "Notice Completion Deadline"), the Claims Administrator will notify Settlement Class Members of the settlement with the Short Form Notices (Postcard Notices), substantially similar to the form attached to the Settlement Agreement as Exhibit B, by U.S. mail or email to all Settlement Class Members to whom MRIA previously mailed notice of the Data Incident. The Claims Administrator will establish and maintain a Settlement Website throughout the Claims Period, which will contain the Short Form Notices, the Long Form Notice, and the Claims Forms to either submit online or download and mail to the Claims Administrator before the Claims Deadline. The Claims Administrator will also maintain a toll-free telephone number and P.O. Box by which Settlement Class Members can seek additional information regarding the Settlement.

14. Settlement Class Members who wish to submit a claim in the settlement shall complete and submit Claim Forms in accordance with the instructions contained therein. Any such claim must be postmarked or submitted electronically no later than 90 days from the date that the Class Notice is sent to submit a claim—the "Claims Deadline."

15. The Claim Forms submitted by each Settlement Class Member must: (a) be properly completed, signed, and submitted in a timely manner in accordance with the preceding paragraph; (b) be accompanied by adequate supporting documentation, as required by and as specified in the Settlement Agreement; and (c) be complete and contain no deletions or modifications of any of the printed matter contained therein.

16. Any Settlement Class Member who files a Claim Form shall reasonably cooperate with the Claims Administrator and the claims referee, if applicable, including by promptly responding to any inquiry made by the Claims Administrator and the claims referee, if applicable. Any Settlement Class Member who does not timely submit a Claim Form within the time provided in the Settlement Agreement (except those Settlement Class Members who opt-out) are barred from receiving any benefits under the Settlement Agreement and shall be bound by the Settlement Agreement, the Final Judgment and Order, and the Releases therein, unless otherwise ordered by the Court.

17. Settlement Class Members will have no later than 60 days from the date the Class Notice is issued to decide whether exclude themselves from the Settlement. Any Class Member wishing to opt out of the Settlement Class shall individually sign and timely submit written notice of such intent to Claims Administrator at the address provided in the Class Notice. A written opt-out notice must include an individual signature and state the name, address, and phone number of the person seeking exclusion. A written opt-out notice must also clearly manifest a person's intent

to be excluded from the Settlement Class. To be effective, a written opt-out notice must be postmarked no later than 60 days from the date the Class Notice is issued, or any other date set by the Court. Settlement Class Members who exclude themselves from the Settlement shall not be eligible to receive any benefits of and/or be bound by the terms of the Settlement Agreement.

18. Any Settlement Class Member may appear in person or through counsel, at his or her own expense, at the Final Approval Hearing to object to the Settlement. No Settlement Class Member will be heard, and no papers submitted by any Settlement Class Member will be considered, unless, no later than 60 days from the date the Class Notice is issued, the Settlement Class Member files with the Court and mails to Class Counsel and MRIA's counsel written objections that include: (a) the title of the case; (b) the objector's name, address, and telephone number; (c) all legal and factual bases for any objection; and (d) copies of any documents that the objector wants the Court to consider. Should the objector wish to appear at the Final Approval Hearing, he or she must so state, and must identify any documents or witnesses he or she intends to call on his or her behalf. Any Settlement Class Member who fails to object in this manner will be deemed to have waived and forfeited any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and the Settlement Class Member shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Lawsuit.

19. All opening briefs and documents in support of any application by Plaintiffs for the Motions for Service Awards to Class Representatives and for Attorney's Fees and Costs shall be filed and served by no later than 14 days prior to the deadline for Settlement Class Members to object or exclude themselves from the Settlement Agreement. Plaintiffs shall file a Motion for Final Approval of the Class Action Settlement no later than 14 days prior to the Final Approval Hearing.

20. At or after the Final Approval Hearing, the Court shall determine whether any applications for the Class Counsel Service Awards and for Attorney's Fees and Costs should be approved. The Court reserves the right to enter a Final Judgment and Order approving the settlement regardless of whether it has awarded the Class Counsel Service Awards, or Attorney's Fees and Costs.

21. All reasonable expenses incurred in identifying and notifying Settlement Class Members, as well as administering the settlement, shall be the responsibility of MRIA and shall be paid as set forth in the Settlement Agreement.

22. Neither this Order, the Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by MRIA of the truth of any of the allegations in the Lawsuit, or of any liability, fault, or wrongdoing of any kind.

23. The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed settlement. The Court may approve the settlement, with such modifications as may be agreed to by the Parties to the Settlement Agreement, if appropriate, without further notice to the Settlement Class.

24. If the Settlement Agreement and the settlement set forth therein is not approved or consummated for any reason whatsoever, the Settlement Agreement and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the parties to the Settlement Agreement *status quo ante*.

25. Until otherwise ordered by the Court, the Court shall continue to stay all proceedings in the Lawsuit other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.

IT IS SO ORDERED.

Date: March 22, 2023

_____
Dale A. Kimball
United States District Judge

**Presented by:**

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

_____
Gary M. Klinger
227 W. Monroe Street
Ste. 2100
Chicago, IL 60606
Telephone: (866) 252-0878
Facsimile: (202) 686-2877
Email: gklinger@milberg.com

*Counsel for Plaintiff and the Settlement Class*