IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| IN RE MEDICAL REVIEW INSTITUTE OF AMERICA, LLC, DATA BREACH LITIGATION | CIVIL NO. 2:22cv0082-DAK-DAO<br><br>Judge Dale A. Kimball<br>Magistrate Judge Daphne A. Oberg |

**FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT, AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES TO CLASS COUNSEL, AND SERVICE AWARDS TO CLASS REPRESENTATIVES**

Before the Court is *Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Memorandum of Law in Support* (ECF No. 60) requesting that the Court enter an Order granting final approval of the class action settlement involving Plaintiffs Shane White, Ahmed Amer, Joel Thornton, Patricia A. Dean, and James Bruno (collectively, "Plaintiffs" or "Class Representatives") and Defendant Medical Review Institute of America, LLC ("Defendant" or "MRIA") as fair, reasonable, and adequate.

Also before the Court is *Plaintiffs' Unopposed Motion and Application for Attorneys' Fees, Expenses, and Service Awards to Class Representatives and Memorandum of Law in Support* (ECF No. 56) requesting that the Court approve an award of attorneys' fees and reimbursement of expenses to Class Counsel in the amount of $487,500.00 and approve service awards of $2,000.00 to each Class Representative (totaling $10,000.00).

Having reviewed and considered the Settlement Agreement and Plaintiffs' motions, and having conducted a Final Approval Hearing, the Court makes the findings and grants the relief set forth below approving the settlement and awards upon the terms and conditions set forth in this Final Judgment and Order.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class Members;

**IT IS ON THIS 24th day of August 2023 it is ORDERED that:**

1. The settlement involves allegations in Plaintiffs' Consolidated Class Action Complaint that MRIA failed to safeguard and protect the sensitive and personal data of Plaintiffs and the Settlement Class Members.

2. The settlement does not constitute an admission of liability by MRIA, and the Court expressly does not make any finding of liability or wrongdoing by MRIA.

3. Unless otherwise noted, words spelled in this Final Judgment and Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. On March 22, 2023, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), which, among other things: (a) approved the Class Notice to the Settlement Class, including approval of the form and manner of notice set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the Settlement Class; (c) appointed Plaintiffs as the Class Representatives and Milberg Coleman Bryson Phillips Grossman, PLLC, and Federman & Sherwood as Class Counsel; (d) preliminarily approved the settlement; (e) set deadlines for opt-outs and objections; (f)

approved and appointed the Claims Administrator; and (g) set the date for the Final Approval Hearing.

5. In the Preliminary Approval Order, Federal Rule of Civil Procedure 23(b)(3) and 23(e) the Court defined the Settlement Class for settlement purposes only. The Court defined the Settlement Class as follows:

> **The Settlement Class:** All persons residing in the United States to whom MRIA sent its notice of the Data Incident that MRIA discovered on or about November 9, 2021.

Excluded from the Settlement Class are: (a) Defendant's officers and directors; (b) any entity in which Defendant has a controlling interest; and (c) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of MRIA. Also excluded from the Settlement Classes are members of the judiciary to whom this case is assigned, their families and members of their staff.

6. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and certifies the Settlement Class as defined herein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 23(e).

7. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

> a. A process by which Settlement Class Members who submit valid and timely Settlement Class Claim Forms to the Claims Administrator will receive thirty months of credit monitoring services free of charge.
>
> b. A process by which Settlement Class Members who submit valid and timely Claim Forms are eligible to receive reimbursement of documented out-of-pocket losses as a result of the Data Incident up to a maximum of $700 per

    person; compensation for up to 3 hours of lost time at $20 per hour for time spent responding to issues raised by the Data Incident (with any payment for lost time counting towards the $700 cap); a Settlement Class Member who was the victim of actual documented identity theft will be reimbursed for proven monetary losses up to a maximum of $5,000 per person if the loss is an actual, documented and unreimbursed monetary loss; the loss was more likely than not caused by the Data Incident; the loss occurred between November 9, 2021 and the date of the Settlement Agreement; the loss is not already covered by one of the out-of-pocket loss reimbursement categories set out in the Settlement Agreement; and the Settlement Class Member made reasonable efforts to avoid or seek reimbursement for the loss, including but not limited to exhaustion of all available credit monitoring insurance and identity theft insurance; subject to a pro rata contingency which will be triggered if the aggregate amount of all payments required to be made by MRIA under the Settlement Agreement would exceed two million six hundred thousand dollars ($2,600,000.00). Claim Forms will be evaluated by the Claims Administrator, and, if applicable, a claims referee. All pro rata determinations required by the Settlement Agreement will be performed by the Claims Administrator.

c. MRIA has implemented remedial measures, and planned for future implementations, to improve its cybersecurity since the Data Incident to help mitigate the risk of similar data incidents. Costs associated with these business practice changes have been or will be paid by MRIA separate and apart from other settlement benefits.

    d. MRIA to pay all costs of class notice and claims administration.

    e. MRIA to pay Court-approved Service Awards the amount of $2,000 to each Class Representative, and any benefits provided to Settlement Class Members and the costs of notice and settlement administration and separate from any Class Counsel Payment.

    f. MRIA to pay the Court-approved Class Counsel Payment in the amount of $487,500.

8. The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the settlement in accordance with this Order and the terms of the Settlement Agreement.

9. The Court grants Class Counsel's request for an award of attorneys' fees and reimbursement of expenses in the amount of $487,500.00 and approves service awards of $2,000.00 to each Class Representative (totaling $10,000.00).

10. Notice of the Final Approval Hearing and the proposed Motion for Attorneys' Fees, Costs, Expenses, and Service Awards have been provided to Settlement Class Members as directed by this Court's orders.

11. The Court finds that such notice as therein ordered constituted the best practicable notice under the circumstances, apprised Settlement Class Members of the pendency of the action, gave them an opportunity to opt out or object, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.

12.     As of the final date of time for opting out of the settlement, 11 Settlement Class Members have submitted a valid request to be excluded from the settlement. The names of those persons are set forth in **Exhibit A** to this Order. Those persons are not bound by this Final Judgment and Order, as set forth in the Settlement Agreement.

13.     The Court has considered all the documents filed in support of the settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14.     Pursuant to the Settlement Agreement, MRIA, the Claims Administrator, and the claims referee shall implement the Settlement in the manner and timeframe as set forth herein.

15.     As of the Effective Date, Plaintiffs named in the Settlement Agreement and Release and every Settlement Class Member (except those who timely opt out), for themselves, their attorneys, spouses, beneficiaries, executors, representatives, heirs, successors, and assigns, in consideration of the relief set forth in the Settlement Agreement, fully and finally release Defendant, its parents, subsidiaries, shareholders, members, and affiliates, and all of their present and former officers, directors, employees, agents, consultants, advisors, attorneys, representatives, insurers, reinsurers, and legal representatives from any and all claims or causes of action, whether known or unknown, that concern, refer or relate to: (a) the Data Incident; and (b) all other claims arising out of the Data Incident that were asserted, or that could have been asserted, in the Lawsuit. The claims released in this paragraph are referred to as the "Released Claims," and the parties released are referred to as the "Released Parties."

16.     Plaintiffs waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

>A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement and agree that this is an essential term of the Settlement Agreement. Plaintiffs and the Settlement Class Members acknowledge that they may later discover claims presently unknown or suspected, or facts in addition to or different from those which they now believe to be true with respect to the matters released in the Settlement Agreement. Nevertheless, Plaintiffs and the Settlement Class Members fully, finally, and forever settle and release the Released Claims against the Released Parties.

17. Notwithstanding Paragraphs 14 and 15, *supra*, the Parties expressly agree and acknowledge that the Release negotiated in the Settlement Agreement shall not apply to any litigation or claim not related to or arising out of the Data Incident.

18. In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Lawsuit or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its Release).

19. Released Claims shall not include the claims of those persons identified in **Exhibit A** to this Order who have timely and validly requested exclusion from the Settlement Class.

20. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the settlement.

21.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

22.     In accordance with Federal Rule of Civil Procedure 23, this Final Judgment and Order resolves all claims against all parties in this action and is a final order. There is no just reason to delay entry of final judgment in this matter, and the Clerk is directed to file this Final Judgment and Order in this matter.

IT IS SO ORDERED.

Date: August 24, 2023                    _____
                                         Dale A. Kimball
                                         United States District Judge